United States Court of Appeals,

Eleventh Circuit.

No. 96-4291.

Thomas SHANNON, Plaintiff-Appellee,

v.

 JACK ECKERD CORPORATION, a Delaware Corporation, Defendant-Third Party Plaintiff-Appellant,

Cost Care, Inc., a California Corporation, Third-Party Defendant.

May 29, 1997.

Appeal from the United States District Court for the Southern District of Florida. (91-271-CIV-LCN), Lenore Carrero Nesbitt, Judge.

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Thomas Shannon filed this action after Jack Eckerd Corporation denied his request for preauthorization of benefits under an employee group health plan. Eckerd is appealing the district court's judgment awarding Shannon $70,714.35. Eckerd argues on appeal that the district court erred in denying its motion for summary judgment and in finding that the Plan's original denial of benefits was arbitrary and capricious. Eckerd also contends that the district court erred in directing the Plan administrator on remand to consider evidence available subsequent to the initial determination.

Thomas Shannon is a beneficiary under the Jack Eckerd Corporation Health Benefits Plan ("the Plan"), a self-funded plan governed by the Employee Retirement Income Security Act ("ERISA"). Shannon suffers from long-term diabetes mellitus Type I, which has

resulted in severe renal disease and kidney failure. Due to these complications, Shannon's doctor advised Shannon to undergo a kidney transplant. After further consultation with other physicians, Shannon decided to undergo a simultaneous kidney/pancreas transplant at the University of Minnesota. The University of Minnesota requires either advance payment or verification of insurance coverage before a patient can be placed on the cadaveric pancreas transplant list. Accordingly, Shannon's surgeon requested preauthorization of benefits for the procedure from the Plan. At the time Shannon sought benefits for his transplant, the Plan excluded coverage for experimental or investigational human organ transplants. The Plan administrator rejected the claim for those benefits, informing Shannon and his surgeon that although the Plan would cover expenses associated with the kidney transplant, it could not cover expenses associated with the pancreas transplant because it was medically experimental or investigational and the Plan excluded coverage for experimental or investigational human organ transplants. Shannon's surgeon filed a formal appeal but the Plan administrator continued to deny coverage for the pancreas portion of the transplant. Shannon went forward with the transplant using other funding, but the pancreas graft failed. Shannon then sued under ERISA, 29 U.S.C. § 1132(a)(1)(B)[1] to recover the benefits denied by the Plan administrator. After a bench trial, the district court found that in rejecting the claim

---

[1]"A civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132(a)(1)(B) (West 1985).

as investigational, the Plan administrator had failed to consider all of the relevant evidence available and concluded that this failure rendered the Plan administrator's denial of benefits for the pancreas portion of the transplant arbitrary and capricious. The district court remanded the matter to the Plan administrator for a new determination based upon all relevant evidence including subsequently available evidence.[2] On remand, the Plan administrator determined that the pancreas operation was covered under current standards. However, the Plan refused to pay Shannon any benefits, arguing that at the time Shannon made his claim the procedure was experimental/investigational. Shannon again sought relief in the district court and the district court entered final judgment for the benefits in accordance with the Plan administrator's conclusion that the pancreas procedure was covered.

We review a district court's grant of summary judgment *de novo* applying the same legal standards that control the district court's determination. *Jones v. Firestone Tire & Rubber Co.,* 977 F.2d 527 (11th Cir.1992). Denial of benefits under an ERISA plan that gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan is reviewed by the district court for abuse of that discretion. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); *Jett v. Blue Cross and Blue Shield of Alabama, Inc.,* 890 F.2d 1137, 1138-39 (11th Cir.1989). There is no dispute that the Eckerd Plan gives its

---

[2]Eckerd's appeal to this Court of the remand order was dismissed for want of jurisdiction.

administrator discretionary authority to determine eligibility for benefits. Therefore, we must determine whether the Plan administrator's decision was arbitrary and capricious. *Jett,* 890 F.2d at 1139. A decision to deny benefits is arbitrary and capricious if no reasonable basis exists for the decision. *Id.* In this case the district court found that in evaluating whether the proposed procedure was experimental or investigational, the Plan administrator relied only on Medicare's denial of coverage, a conclusory recommendation of denial from Cost Care, the Plan's medical consultant, and the statements of several insurance companies that pancreas transplants were "investigational." The court concluded that this was an insufficient basis to support the denial. Simply accepting the bald assertions of Cost Care and the denial of other insurance companies without examining or evaluating their underlying bases and failing to obtain additional relevant information was arbitrary and capricious. We cannot say that the district court erred in remanding for the Plan administrator to make a reasonably relevant inquiry.

Nor can we say that the district court erred in directing the Plan administrator to consider subsequently available evidence. The district court relied on *Bucci v. Blue Cross-Blue Shield of Conn.,* 764 F.Supp. 728, 732 (D.Conn.1991), holding that since a defendant's duty to provide benefits "is a continuing one, its refusal to provide benefits is thus a continuing denial, the propriety of which is measured against the information available from time to time." Eckerd's Plan administrator had an obligation to make a reasonably relevant inquiry and failed to do so at the

time of the original determination.  The district court did not err in directing that the Plan administrator consider all available evidence.  As we stated in *Jett,* "Should [the beneficiary] wish to present additional information that might affect the determination of eligibility for benefits, the proper course would be to remand to [the plan administrator] for a new determination."  890 F.2d at 1140.  Accordingly, we AFFIRM.